UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN BEECHNOX, | ) |
| Plaintiff | ) |
| | ) **Case No.:** |
| v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| DIVERSIFIED CONSULTANTS, INC., | ) **JURY TRIAL** |
| | ) |
| Defendant | ) |

## COMPLAINT

STEPHEN BEECHNOX ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.  Defendant has an office and conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.  Plaintiff is a natural person residing in Bensalem, Pennsylvania.

6.  Plaintiff is a "consumer" pursuant to 15 U.S.C. § 1692a(3).

7.  Defendant is a debt collection company with its headquarters located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida 32256.

8.  Upon information and belief, Defendant is a corporation that provides call center, collections and debt purchase services to companies in the United States.

9.  At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and repeatedly contacted Plaintiff in its attempts to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5) for another person.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Upon information and belief, Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

12. Upon information and belief, the alleged debt Defendant was seeking to collect arose out of transactions that were related to a Comcast cable debt.

13. Beginning in May 2018 and continuing through late June 2018, Defendant repeatedly called Plaintiff on his cellular telephone in its attempts to collect a debt.

14. Defendant made these calls from the following phone number: 215-238-7710, 215-238-7726, 215-238-7882, 215-238-8387, 215-238-8403, 215-238-7897. The undersigned has since confirmed that this number belongs to Defendant.

15. Shortly after call started, Plaintiff first told the Defendant to stop calling him.

16. Defendant heard and acknowledged this request.

17. However, Defendant did not remove Plaintiff's cellular telephone number from its database and continued to call Plaintiff in its attempts to collect this alleged debt.

18. These repeated and continuous phone calls were aggravating and annoying, especially after Plaintiff told Defendant to stop calling him.

19. Once Defendant was aware that its calls were unwanted any further calls could only have been for the purpose of harassing Plaintiff.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

20. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

    a. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

    c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it called Plaintiff's cellular telephone repeatedly and continued to call knowing its calls were unwanted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, STEPHEN BEECHNOX, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A) and 15 U.S.C. §1692k(a)(1),

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, STEPHEN BEECHNOX, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 3/15/19

By: /s/ Amy L. B. Ginsburg
Amy L. B. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com